ACCEPTED
04-15-00623-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
10/2/2015 11:18:15 AM
KEITH HOTTLE
CLERK

CAUSE NO. 2014–PC–0056

| | | |
|---|---|---|
| IN THE ESTATE OF | § | IN THE PROBATE COURT |
| | § | |
| MARJORIE A. CHILDS, | § | NO. 2 |
| | § | |
| DECEASED. | § | BEXAR COUNTY, TEXAS |

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
10/2/2015 11:18:15 AM
KEITH E. HOTTLE
Clerk

## PETITION TO PERMIT AGREED INTERLOCUTORY APPEAL

STRASBURGER & PRICE, L.L.P.
Judith R. Blakeway
State Bar No. 02434400
Judith.Blakeway@strasburger.com
James Maverick McNeel
State Bar No. 24035491
James.McNeel@strasburger.com
David P. Stanush
State Bar No.19056300
David.Stanush@strasburger.com
Andrew L. Kerr
State Bar No. 11339500
Andy.Kerr@strasburger.com
Zachary C. Zurek
State Bar No. 24079668
Zach.Zurek@strasburger.com
2301 Broadway
San Antonio, Texas 78215
Telephone:  (210) 250-6000
Facsimile:  (210) 250-6100

**ATTORNEYS FOR DEFENDANT
PAMELA ANN CHILDS
MCCASKILL**

BEN A. WALLIS LAW PC
Ben A. Wallis, III
State Bar No. 24060793
8200 IH 10 West #101
San Antonio, Texas 78230
Telephone:  (210) 525–1500
Facsimile:   (210) 525–9323
baw3@wallislawsa.com

**ATTORNEYS FOR DEFENDANT
SUSAN C. ADDISON**

1963695.3/SPSA/34092/0101/100215

# Table of Contents

Table of Contents ........................................................................................... ii

Table of Authorities ....................................................................................... iii

Parties............................................................................................................2

Statement of Facts.........................................................................................3

Statement of Issues........................................................................................5

Certificate of Service .....................................................................................8

ii

# Table of Authorities

**Page(s)**

**STATUTES**

TEX. CIV. PRAC. & REM. CODE § 51.014(d) ........................................................................5

TEX. CIV. PRAC & REM. CODE § 51.014(d)(2) ...................................................................5

TEX. CIV. PRAC. & REM. CODE § 51.014(e) ......................................................................1

**RULES**

TEX. R. APP. P. 25.1(d)(6) ..................................................................................................1

TEX. R. APP. P. 28.2(c)(7) ..................................................................................................5

TEX. R. APP. P. 28.2(c)(2) ..................................................................................................1

TEX. R. APP. P. 28.2(c)(3) ..................................................................................................1

TEX. R. APP. P. 28.2(e)(2) ..................................................................................................1

TEX. R. APP. P. 28.2(f) ........................................................................................................1

TEX. R. APP. P. 28.3(c) ........................................................................................................1

1963695.3/SPSA/34092/0101/100215

## PETITION TO PERMIT AGREED INTERLOCUTORY APPEAL

TO THE HONORABLE COURT:

1.      Defendants Pamela Ann Childs McCaskill and Susan Childs Addison desire to appeal from the interlocutory order signed by the Court on September 18, 2015.

2.      The Court signed a written order granting permission to file this agreed interlocutory appeal on September 18, 2015.

3.      The parties have agreed to the Court's entering an agreed order granting permission for an interlocutory appeal.

4.      Defendants appeal to the Fourth Court of Appeals.

5.      The appeal of this case is an accelerated appeal.  TEX. R. APP. P. 25.1(d)(6).

6.      This petition to permit agreed interlocutory appeal is filed within 15 days of the date the trial court signed the order granting permission to file this appeal.  TEX. R. APP. P. 28.3(c).

7.      A copy of this petition to permit agreed interlocutory appeal has been served on all parties to the trial court proceeding, and a docketing statement will be filed in the court of appeals.

8.      A copy of the order signed on September 18, 2015 from which appeal is taken, granting permission to appeal and staying the trial court proceedings

pending resolution of this agreed interlocutory appeal, is attached as Exhibit A.

TEX. R. APP. P. 28.2(c)(2), (c)(3), (e)(2), (f); TEX. CIV. PRAC. & REM. CODE §51.014(e).

## Parties

9.     The parties to the trial-court proceeding and their trial and appellate attorneys are the following:

| Attorneys for Plaintiff Mollie Allen Childs: | Attorneys for Defendant Susan Kaye Childs Addison: |
|---|---|
| Rudy A. Garza<br>rugar@hfgtx.com<br>Charles M. Hornberger<br>boxy@hfgtx.com<br>David Jed Williams<br>jwilliams@hfgtx.com<br>Stephanie L. Curette<br>scurette@hfgtx.com<br>HORNBERGER SHEEHAN<br>FULLER & GARZA, INC.<br>The Quarry Heights Building<br>7373 Broadway, Suite 300<br>San Antonio, Texas 78209<br>Telephone:  (210) 271–1700<br>Facsimile:    (210) 271–1730 | Ben A. Wallis, III<br>State Bar No. 24060793<br>BEN A. WALLIS LAW PC<br>8200 IH 10 West #101<br>San Antonio, Texas 78230<br>Telephone:  (210) 525–1500<br>Facsimile:    (210) 525–9323<br>baw3@wallislawsa.com |

1963695.3/SPSA/34092/0101/100215

**Attorneys for Defendant**
**Pamela Ann Childs McCaskill:**
James Maverick McNeel
State Bar No. 24035491
James.McNeel@strasburger.com
Judith R. Blakeway
State Bar No. 02434400
Judith.Blakeway@strasburger.com
David P. Stanush
State Bar No.19056300
David.Stanush@strasburger.com
Andrew L. Kerr
State Bar No. 11339500
Andy.Kerr@strasburger.com
Zachary C. Zurek
State Bar No. 24079668
Zach.Zurek@strasburger.com
STRASBURGER & PRICE, LLP
2301 Broadway
San Antonio, Texas 78215
Telephone: (210) 250-6000
Facsimile: (210) 250-6100

10. The parties have agreed that the appeal involves controlling questions of law on which there is substantial ground for difference of opinion and that an immediate appeal may materially advance the ultimate termination of this litigation.

**Statement of Facts**

11. Specifically, this case involves the enforcement of a contract between the parties, entered into by them as heirs of the estate of their mother (Marjorie Childs), in an effort to equalize assets they expected to receive as beneficiaries of

1963695.3/SPSA/34092/0101/100215

her estate. The case also involves claims against Mollie Childs in her various fiduciary roles as power of attorney, trustee and executrix.

12. The parties (three sisters) are the only beneficiaries of their mother's estate. Prior to their mother's death, they entered into a contract dividing up accounts created as a result of the sale of stock inherited by their mother from their grandmother. At the time the accounts were set up, they were titled as life estate accounts in hopes that the funds would be treated as part of a valid life estate, so they would not be taxable as part of Marjorie's estate. There was considerable doubt as to the validity of the life estate, but there was an attempt to treat the funds that way, based on the intent in their grandmother's Will and because of the tax benefits that would inure to the parties. However, the contract is not contingent on any finding that a life estate exists or not, as argued by Mollie. Rather, the material terms are a division of two accounts in a way that is different than an equal split as they might expect as heirs of the estate.

13. Mollie claims that there is insufficient consideration for the agreement—which she, as an attorney, helped draft. As shown by the evidence, Appellants disagree because the consideration is (1) forbearance from suit against Mollie; and (2) giving up certain expectancy rights as heirs of their mother's estate in the two accounts.

1963695.3/SPSA/34092/0101/100215

14.   Secondly, Mollie claims that the contract should be rescinded because the parties were all under a mutual mistake of fact as to the existence of a life estate.  Appellants disagree because there is considerable evidence to reflect that (1) if any mistake occurred, it was not mutual; (2) if there was a mistake, it was not material—not even a term of the agreement; and (3) the mistake—if there was one—is a mistake of law (the interpretation of language in a Will), not a mistake of fact.

15.   Initially, the trial court denied Mollie's motion for summary judgment.  Mollie then filed a motion for reconsideration. Upon rehearing, the trial court granted Mollie Childs' motion for summary judgment and denied Pamela Ann McCaskill Childs' motion for summary judgment.

## Statement of Issues

16.   The controlling questions of law presented in this appeal are (1) whether a mistake that a will created a life estate is a mistake of law or a mistake of fact, and if there is a mistake of fact, whether a contract between the parties can be rescinded by summary judgment, (2) whether there was sufficient consideration to support the validity of a contract where there was a threat of litigation and the parties negotiated away their expectancy interest as heirs of an estate, or (3) whether a fact issue exists that precludes summary judgment.

5

17. An immediate appeal may materially advance the ultimate termination of this litigation because the contract is the primary issue determining the parties' inheritance rights as beneficiaries of the estate. In addition, determination of (1) the validity of the contract and (2) whether a contract between the parties can be rescinded by summary judgment, will likely result in limiting or eliminating litigation on the remaining issues between the parties, as the funds subject to the contract are the only remaining "estate" funds in dispute. So, resolution of the contract validity could very well resolve the other pending issues in the case. TEX. R. APP. P. 28.2(c)(7); see TEX. CIV. PRAC & REM. CODE §51.014(d)(2).

WHEREFORE, Defendants pray that the Court pursuant to the Civil Practice & Remedies Code §51.014(d) enter an order permitting appeal from the court's order on the cross-motions for summary judgment.

6

RESPECTFULLY SUBMITTED,

STRASBURGER & PRICE, L.L.P.

By: /s/ *Judith R. Blakeway*
    Judith R. Blakeway
    State Bar No. 02434400
    Judith.Blakeway@strasburger.com
    James Maverick McNeel
    State Bar No. 24035491
    James.McNeel@strasburger.com
    David P. Stanush
    State Bar No.19056300
    David.Stanush@strasburger.com
    Andrew L. Kerr
    State Bar No. 11339500
    Andy.Kerr@strasburger.com
    Zachary C. Zurek
    State Bar No. 24079668
    Zach.Zurek@strasburger.com
    2301 Broadway
    San Antonio, Texas 78215
    Telephone:  (210) 250-6000
    Facsimile:  (210) 250-6100

**ATTORNEYS FOR DEFENDANT**
**PAMELA ANN CHILDS**
**MCCASKILL**

BEN A. WALLIS LAW PC

By: *Ben A. Wallis, III*
    Ben A. Wallis, III
    State Bar No. 24060793
    8200 IH 10 West #101
    San Antonio, Texas 78230
    Telephone:  (210) 525–1500
    Facsimile:   (210) 525–9323
    baw3@wallislawsa.com

**ATTORNEYS FOR DEFENDANT**
**SUSAN C. ADDISON**

1963695.3/SPSA/34092/0101/100215

## CERTIFICATE OF SERVICE

I hereby certify that on the 2d day of October, 2015, a true and correct copy of the above and foregoing Petition to Permit Agreed Interlocutory Appeal has been transmitted in accordance with the requirement of the Texas Rules of Civil Procedure, addressed as follows:

Rudy A. Garza
rugar@hfgtx.com
Charles M. Hornberger
boxy@hfgtx.com
David Jed Williams
jwilliams@hfgtx.com
Stephanie L. Curette
scurette@hfgtx.com
HORNBERGER SHEEHAN
FULLER & GARZA, INC.
The Quarry Heights Building
7373 Broadway, Suite 300
San Antonio, Texas 78209
Telephone: (210) 271–1700
Facsimile: (210) 271–1730

*Attorneys for Plaintiff*
*Mollie Allen Childs*

Ben A. Wallis, III
BEN A. WALLIS LAW PC
8200 IH 10 West #101
San Antonio, Texas 78230
baw3@wallislawsa.com

*Attorneys for Defendant*
*Susan Kaye Childs Addison*


 /s/ *Judith R. Blakeway*
JUDITH R. BLAKEWAY

8

1963695.3/SPSA/34092/0101/100215